1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Tony Markus Hernandez,
Petitioner
-vs-
Charles L. Ryan, et al.,
Respondents.

CV-11-0760-PHX-PGR (JFM)

**Report & Recommendation On Petition**
**For Writ of Habeas Corpus**

**I. MATTER UNDER CONSIDERATION**

**Petition** - Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 18, 2011 (Doc. 1).  Petitioner raises two grounds for relief. In Ground One, he alleges that he was sentenced to an additional term in prison after violating the terms of a sentence of probation that exceeded the permissible term. In Ground Two, Petitioner alleges violation of his due process and equal protection rights based on a state court determination that he had procedurally defaulted his claims.

**Response** - On December 23, 2011, Respondents filed their Response ("Answer") (Doc. 19).  Respondents argue that Petitioner's claims are barred by the statute of limitations, and are procedurally barred or procedurally defaulted, and that Ground One is without merit because Petitioner's lifetime probation sentence was agreed to by him, and thus its enforcement was not a due process violation notwithstanding its illegality.

**Reply** – Petitioner has not replied and the time to do so has expired. (*See* Order

1

8/17/11 at 3 ("Petitioner may file a reply within 30 days from the date of service of the answer.")

**Resolution** - The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND

According to the Presentence Investigation's summary of the police reports, when Petitioner (who was born in 1977) was approximately 14 years old (1991), he engaged in sexual intercourse with a minor, who was then 10 years old, beginning while the victim was asleep. The victim reported that similar contact had occurred previously. In March, 1996, when Petitioner was 18, he entered the room of a 12 year old relative while she was asleep and attempted to remove her pants and underwear. When the victim's sister awoke, Petitioner ran from the room. The victim reported that Petitioner had had intercourse with her over her objection on several occasions since she was in the second grade. (Exhibit F, Presentence Investigation at 1.)

### B. PROCEEDINGS AT TRIAL

On March 13, 1996, Petitioner was indicted in Maricopa County Superior Court in a ten count Indictment (Exhibit A) charging a variety of sexual crimes against minors. Petitioner eventually entered into two separate written Plea Agreements, one as to Count

6 (Attempted Sexual Conduct with a Minor on 3/3/96) (Exhibit B) and one as to Count 7 (Attempted Sexual Conduct with a Minor on 1/1/91 and 6/30/91) (Exhibit D).   The former made no agreements as to sentencing, other than that a grant of probation would be lifetime probation, and the latter stipulated to lifetime probation.

Petitioner entered his pleas of guilty on June 19, 1996.  (Exhibits C, M.E. 7/19/96, and D, M.E. 7/19/96.)   On August 21, 1996, Petitioner appeared for sentencing, Petitioner was adjudged convicted and imposition of a sentence was suspended and Petitioner was placed on lifetime probation as to both Counts VI and VII, and was given 12 months in jail as a condition of probation on Count VI.  (Exhibit G, M.E. 8/21/96; Exhibit H, Judgment on VI; Exhibit I, Judgment on VII.)

Respondents now concede that the maximum period of probation allowed by statute for Petitioner's offense in 1996 (Count VI) was 5 years, rather than the lifetime probation he received.  (Answer, Doc. 19 at 32.)  This occurred because of amendments made to the sentencing statutes in 1994 which eliminated lifetime probation.  Authority for lifetime probation was not reinstated until 1997.  *See State v. Peek*, 219 Ariz. 182, 195 P.3d 641 (2008).  Thus, had Petitioner sought to vacate his probation sentence prior to the revocation of his probation in 2006, it would have been subject to termination under state law as having been an illegal sentence.

However, Petitioner sought no appeal or other review of the judgments at that time.

## C.  REVOCATION PROCEEDINGS

**First Revocation Proceeding** – In January 1998, a Petition to Revoke Probation (Exhibit J) was filed alleging Petitioner had failed to report, failed to participate in sex

1
2
3
4
5
6

offender treatment, and failed to submit to a polygraph.  On January 13, 1998, Petitioner admitted the failure to report, and the remaining charges were dismissed.  (Exhibit K, M.E. 1/13/98, 3:52.)  Petitioner was reinstated on intensive probation, with an additional condition of one month in jail and community service.  (Exhibit L, M.E. 1/13/98, 4:00; Exhibit M, Judgment on VI; Exhibit N, Judgment on VII)

7
8
9
10
11
12
13
14
15
16
17
18
19

**Second Revocation Proceeding** – On or about August 19, 1998, a second set of Petitions to Revoke Probation (Exhibits O and P) were filed alleging Petitioner violated his probation by: (1) being a minor in possession of alcohol; (2) failure to maintain employment; (3) failure to pay monthly fees; (4) failure to complete community service; and (5) failure to follow his intensive probation schedule.  On August 24, 1998, Petitioner admitted failing to follow his intensive probation schedule, and the remaining allegations were dismissed.  (Exhibit Q, M.E. 8/24/98, 4:45.)  Petitioner was again reinstated on probation on Count VI with the condition of 40 hours of community service.  (Exhibit R, M.E. 8/24/98; Exhibit T, Judgment on VI.)  Petitioner was again reinstated on probation on Count VII, but with the condition of a 6 month jail term.  (Exhibit S, M.E. 8/24/98; Exhibit U, Judgment on VII.)

20
21
22
23
24
25
26
27
28

**Third Revocation Proceeding** – On or about December 24, 2001, a third round of revocation proceedings was commenced by the filing of a Petition to Revoke Probation (Exhibit V) on Count VI, charging Petitioner with: (1) failure to maintain employment; (2) consumption of alcohol to excess; (3) failure to attend substance abuse counseling; (4) failure to pay fees; (5) contact with a victim; (6) failure to participate in sex offender treatment; and (7) failure to attend sex offender treatment on 9 specific dates.  On February 14, 2002, Petitioner admitted the alcohol consumption violation. (Exhibit X, M.E. 2/14/2.)  On March 6, 2002, Petitioner was reinstated on probation on

Count VI with a requirement of community service. (Exhibit Z, M.E. 3/6/2.)

**Fourth Revocation Proceeding** – On or about April 6, 2006, a fourth round of revocation proceedings was commenced with the filing of a Petition to Revoke Probation (Exhibit AA) as to both Counts VI and VII, charging Petitioner with: (1) crime of driving on a suspended license; (2) failure to maintain employment and report changes; (3) consumption of alcohol; (4) failure to pay fees; (5) failure to abide by sex offender conditions; (6) failure to participate in sex offender counseling; (7) failure to report and get approval for employment changes; (8) curfew violations; (9) failure to maintain a current driver license; (10) failed to complete polygraph. On April 20, 2006, Petitioner admitted violating sex offender conditions, and was sentenced to 10 years in prison on Count VI, and reinstated on probation on Count VII.  (Exhibit DD, M.E. 4/20/6; Exhibit EE, M.E. 4/20/06; Exhibit GG, Cond. of Prob.; Exhibit HH, R.T. 4/20/06.)


## C.  PROCEEDINGS ON POST-CONVICTION RELIEF

**First PCR Proceeding** – On July 24, 2006, Petitioner filed a Notice of Post Conviction Relief (Exhibit II).  Counsel was appointed, and on November 6, 2006, counsel filed a Notice of Completion (Exhibit JJ), advising the court that counsel had been unable to find an issue for review.  Petitioner was granted leave to file a *pro per* petition, and counsel was directed to remain in an advisory capacity.  (Exhibit KK, M.E. 11/13/6.)

On December 5, 2006, Petitioner filed his *Pro Per* Petition (Exhibit LL) and on February 28, 2007 filed his Memorandum (Exhibit OO) in support, asserting claims of: due process violations; Fifth, Sixth and Eighth Amendment violations; prejudice; capricious disregard; excessive sentence; invalid plea agreement; conflict of interest;

ineffective assistance of counsel; and judgment vacated.  On March 14, 2007, Petitioner filed a Motion to Correct Sentence (Exhibit OO), arguing that he had been sentenced to prison on the wrong count, resulting in his ineligibility for parole.

The state responded to the PCR Petition, arguing no colorable claim had been presented.  (Exhibit PP.)  The state responded to the Motion to Correct, arguing that the sentence was proper.  (Exhibit RR.)

The court directed the treatment of the Motion to Correct as part of the PCR petition.  (Exhibit SS, M.E. 5/23/7.)  Petitioner filed a series of motions to extend, all but the last of which were granted.  (Exhibit QQ, Motions and ME.)  On July 20, 2007, Petitioner filed a Motion for Disclosure (Exhibit TT) and Motion for Preparation of Record (Exhibit UU).   The Court denied the motion for preparation of the record (Exhibit VV, M.E. 7/27/07) and the last motion to extend (Exhibit WW, M.E. 7/27/07). The state filed a Notice of Providing Record (Exhibit XX).

Petitioner then filed a Motion for Reconsideration and Motion to Replace Counsel (Exhibit YY), an Amended Petition (Exhibit ZZ), a Motion to Substitute Petition (Exhibit AAA), and a Motion for Sanctions (Exhibit BBB).   The PCR court struck the Amended Petition and denied the Motion to Substitute Petition, denied the motion for sanctions, and denied the motion to reconsider.  (Exhibit CCC, M.E. 9/6/07.)

On January 29, 2008, the PCR Court summarily denied the petition.  (Exhibit DDD, M.E. 1/29/08.)

**Second PCR Proceeding** – Petitioner commenced a second PCR proceeding by filing a Notice of Post Conviction Relief and Petition (Exhibit EEE) on December 4, 2007, during the pendency of his first petition.  He also filed a Request for Preparation of PCR Record (Exhibit FFF), and a "Motion for Post-Conviction Relief" (Exhibit GGG).

The PCR court ordered a response, and construed the "Motion for Post-Conviction Relief" to be the PCR petition. (Exhibit HHH, M.E. 2/5/08.)

The state responded, arguing that the petition was untimely, the claims were waived by failure to raise them previously, and (although the sentencing statutes had been amended in the interim) there was no applicable intervening change in the law to justify an untimely, waived claim. (Exhibit III, Response.)

On May 29, 2008, the PCR court purportedly denied the petition on its merits. (Exhibit KKK, M.E. 5/29/08.) Petitioner filed a Motion for Rehearing (Exhibit LLL), Motion for Status (Exhibit MMM), and wrote to the Rule 32 Management Unit of the Court (Exhibit NNN) to inquire about the status of his petition.

On January 21, 2009, the PCR court noted that its "May 29, 2008 minute entry erroneously duplicated an earlier minute entry and did not include this Court's ruling on the Defendant's Second Petition for Post-Conviction Relief." (Exhibit OOO, M.E. 1/21/09.)  The PCR court denied the second petition on its merits. (*Id.*)

On February 11, 2009, Petitioner filed a Motion for Rehearing (Exhibit PPP), and on May 7, 2009 a Motion for Status (Exhibit QQQ).  On June 8, 2009, the PCR Court denied the Motion for Rehearing, finding the motion raised new claims that would have in any event have been untimely and waived by failure to raise in his prior proceeding. (Exhibit RRR, M.E. 6/8/09.)

Petitioner then filed a Petition for Review (Exhibit SSS) and Appendix (Exhibit TTT).  The state responded (Exhibit UUU), arguing that claims were precluded by failure to raise them before and were untimely, and the claims were without merit. Petitioner replied (Exhibit WWW).  On September 9, 2010, the Arizona Court of Appeal summarily denied review.  (Exhibit XXX, Order 9/9/10.)

Petitioner then sought review by the Arizona Supreme Court (Exhibit YYY).  The state declined to respond (Exhibit ZZZ), and on February 24, 2011, the Arizona Supreme Court summarily denied review.  (Exhibit AAAA.)


### III. APPLICATION OF LAW TO FACTS

**A.  TIMELINESS**

**1.  One Year Limitations Period**

Respondents assert that Petitioner's Petition is untimely.  As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts.  28 U.S.C. § 2244(d).  Petitions filed beyond the one year limitations period are barred and must be dismissed.  *Id.*


**2.  Commencement of Limitations Period**

**Ground One (Illegal Sentence)** - The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For Arizona pleading defendants, their opportunity for direct review is normally an Arizona Rule 32 of-right post conviction relief proceeding. *Summers v. Schriro*, 481 F.3d 710 (9th Cir. 2007).

Respondents argue that the relevant judgment is Petitioner's original judgment of conviction and suspended sentence on August 21, 1996, and not his sentence upon revocation of probation on April 20, 2006.

<u>Applicable Judgment</u> - In *Burton v. Stewart*, 549 U.S. 147 (2007), the Court concluded that for purposes of the habeas statute of limitations, "[f]inal judgment in a criminal case means the sentence. The sentence is the judgment." *Id*. at 156-157 (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)).  Citing a series of cases from the Fifth and Eleventh Circuits, Respondents distinguish *Burton* on the basis that *Burton* involved a resentencing, not a sentence issued upon revocation of probation.  They argue that logic and the legislative purpose behind the habeas statute of limitations require that the Court distinguish between challenges to the original conviction and probation sentence, and challenges to the subsequent revocation and sentence on revocation.  For the former, they argue that the date of the original judgment of conviction controls finality.

Here, only Petitioner's Ground One arguably concerns his original sentence.  His Ground Two challenges the application of Arizona's time and procedural default bars in his second PCR proceeding.

In Ground One, Petitioner argues:

> Violation of U.S. Constitution by imposing prison sentence after serving probation which exceeded the legal length by law.
> * * *
> Under Arizona law, the legal term of probation for Defendant's Count 6 is 5 years – Served 9 1/3 years on probation then sentenced to prison for 10 years.  Defendant completed his legal obligation to the State of Arizona after serving 5 years on probation.  Therefore the only term Defendant could be sentenced to prison for is Count 7.

(Petition, Doc. 1 at 6.)  In essence, Petitioner asserts that his 2006 prison sentence was unconstitutional because his 1996 probation sentence was illegally long, should have expired, and thus could not support his 2006 sentence on revocation.  Thus, the crux of Petitioner's Ground One is the assertion that the 1996 probation sentence was illegal

1   under Arizona law, and thus it is an attack on that judgment.

2          In *Caldwell v. Dretke*, 429 F.3d 521 (5th Cir. 2005), the defendants had pled guilty

3   and had been granted a deferred adjudication of guilt conditioned upon completion of a

4   period of probation.   The defendants violated the probation, the court entered a

5   conviction based upon the guilty plea, and sentenced the defendants.   Defendants

6   ultimately filed a habeas petition challenging the substance of the original order.   The

7   Fifth Circuit concluded that despite Texas' authorities holding a deferred adjudication

8   was not a "conviction", that under 28 U.S.C. § 2244, it was, and the statute of limitations

9   ran from the conclusion of review of such an order, despite fact that the sentence was

10  subsequently imposed after the violation.   The court held that "an order of deferred

11  adjudication community supervision, in addition to an order of straight or regular

12  community supervision, is a judgment for purposes of section 2244." 429 F.3d at 528.

13         Subsequently, in *Burton v. Stewart*, 549 U.S. 147 (2007), the Supreme Court

14  analyzed (in the context of a second or successive petition dispute) the application of the

15  habeas statute of limitations on a resentencing following a vacating of a sentence and

16  affirmance of the conviction. The Court concluded that for purposes of the habeas statute

17  of limitations, "[f]inal judgment in a criminal case means sentence. The sentence is the

18  judgment." *Id*. at 156 (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)).

19  Thus, the habeas limitations period would run from the finality of the resentencing

20  judgment, not the entry of the underlying judgment of conviction.

21         In 2010, the Fifth Circuit revisited its decision in *Caldwell* in light of *Burton*, in

22  *Tharpe v. Thaler*, 628 F.3d 719 (5th Cir. 2010).  The *Tharpe* court distinguished *Burton*

23  as addressing only the connection between a conviction and a sentence, and not two

24  separate judgments, *i.e.* a judgment of deferred adjudication and the judgment of

10

conviction and sentence upon a violation of the associated probation. "Therefore, Tharpe's habeas claims challenging the deferred-adjudication order were untimely because the AEDPA's statute of limitations had already run for those claims."

Here, the issue is even clearer for two reasons. First, Petitioner was not simply subjected to a deferred adjudication of guilt in 1996, but was judged "guilty" and it was merely the imposition of sentence which was deferred or "suspend[ed]." (Exhibit H, Judgment on Count VI; Exhibit I, Judgment on Count VII.)

Second, Petitioner's claim specifically challenges, not the underlying conviction, but the term of probation imposed in the 1996 judgment. Although couched in terms of a challenge to the subsequent prison sentence, the potential for that sentence is simply a collateral consequence to the probation sentence. Thus, Petitioner's claim is akin to the prisoner challenging a current sentence based upon an argument that it was improperly enhanced by a prior, unconstitutional conviction. In *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394 (2001), the Court held that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." *Id.* at 403. The only exceptions to that rule were for prior convictions "obtained where there was a failure to appoint counsel in violation of the Sixth Amendment," *id.* at 404, or where equitable tolling or actual innocence would avoid the bar to the consideration of the earlier conviction, *id.* at 405. Petitioner does not show such circumstances apply here.

Thus, Petitioner's claim must be deemed a challenge to the 1996 judgment, not the April 20, 2006 judgment.

<u>Finality of Judgment</u> - For an Arizona noncapital pleading defendant, the

11

conviction becomes "final" at the conclusion of the first "of-right" post-conviction proceeding under Rule 32. "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)." *Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir. 2007).  "To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review." *Id*. at 715 (citing Ariz. R.Crim. P. 32.4(a)). *See also*  17 Ariz. Rev. Stat., Ariz. R. Crim. Proc., Rule 32.4 (1995).  For Petitioner, his time to file such a notice ran from the original conviction judgment.  *Compare State v. Osborn*, 107 Ariz. 295, 296, 486 P.2d 777, 778 (1971) ("appeal from the judgment of guilty must be taken within sixty days after a judgment of guilt and probation is entered and that the suspension of the sentence in nowise extends the time for filing such appeal"); *with   State v. McCarthy*, 27 Ariz. App. 571, 557 P.3d 170 (1976) (time for challenge to sentence on revocation runs from sentence).

Petitioner did not file such a petition.  Thus, Petitioner's original conviction became final 90 days after the August 21, 1996 judgment (Exhibit H), or on November 19, 1996.[1]  His one year commenced running thereafter.

Delayed Discovery - Petitioner argues that his claim is based upon the Arizona decision in *State v. Peek*, 219 Ariz. 182, 195 P.3d 641 (2008), and thus his one year could not begin to run until after the issuance of that decision.  (Petition, Doc. 1 at 11.)  Although the conclusion of direct review normally marks the beginning of the statutory one year, section 2244(d)(1)(D) does provide an alternative of "the date on which the

---

[1]  The AEDPA, which adopted the one year statute of limitations in 28 U.S.C. § 2244, was enacted on April 24, 1996, prior to Petitioner's conviction.  *See Patterson v. Stewart,* 251 F.3d 1243, 1245 (9th Cir. 2001).

factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

However, changes in law are addressed by subsection (d)(1)(C) of § 2244. Absent unusual circumstances, such as a vacating of a petitioner's own prior conviction, the issuance of a state court decision does not constitute the discovery of a "factual predicate" for a habeas claim. *See Shannon v. Newland*, 410 F.3d 1083, 1089  (9th Cir. 2005).

Changes in the Law - Conversely, § 2244 also provides for a later commencement date, based on changes in the law.  However, that provision encompasses only a narrow version of changes, i.e. a "constitutional right . . . newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2244(d)(1)(C). The Arizona Supreme Court's decision in *Peek* does not qualify.

**Ground Two (Bars in PCR)** - Petitioner's Ground Two challenges the application of Arizona's time and procedural default bars in his second PCR proceeding. Petitioner's Ground Two is founded upon events that did not occur until (at the earliest) June 8, 2009, when the PCR Court denied his Motion for Rehearing on the basis of Arizona's timeliness and procedural default bars.  (*See* Exhibit RRR, M.E. 6/8/09.)  That is the earliest date at which Petitioner could have discovered the facts underlying his claim.  Thus, 28 U.S.C. § 2244(d)(1)(C) applies, and his one year limitations period on Ground Two began running no sooner than June 8, 2009.

**Timeliness** – Based upon the foregoing, Petitioner's Petition, filed April 18, 2011 was, in the absence of adequate tolling, untimely as to Grounds 1 and 2.

//

//

### 3.  Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

**Ground 1** – Petitioner's one year on Ground 1 began to run after November 19, 1996.  Petitioner had no proceedings of any kind  pending between then and almost 14 months later, on January 12, 1998, when the first Petition to Revoke was filed. Petitioner's first state court challenge was not filed until July 24, 2006, when he filed his first Notice of Post-Conviction Relief (Exhibit II).    By either date, his one year had already expired.   Once the habeas statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute.  *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).   Accordingly, Petitioner is entitled to no statutory tolling with respect to Ground 1 (Illegal Sentence), and his April 18, 2011 federal petition was untimely on that claim.

**Ground 2** – Petitioner's one year on Ground 2 began to run after June 8, 2009. At that time, his second PCR proceeding was already on-going, and continued through February 24, 2011, when the Arizona Supreme Court denied review.  (Exhibit AAAA, Order 2/24/11.)

It is true that Petitioner's supplemental claims asserted in his Motion for Rehearing (Exhibit PPP) in his second PCR proceeding were rejected as untimely.  It is also true that for a state application to toll the statute of limitations, it must be "properly filed," 28 U.S.C. § 2244(d)(2), and that an untimely petition is not "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).  Here, however, it was only the supplemental claims that were rejected as untimely, with the original petition having been denied on its

merits.  (*See* Exhibit OOO, M.E. 1/2/09.)

Thus, Petitioner's one year limitations period on Ground 2 was tolled from its inception until February 24, 2011, making his April 18, 2011 federal petition timely on that claim.

**4.  Equitable Tolling**

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'"  *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted).  "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.' "  *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002)  (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.).

In his Petition, Petitioner argues that his delay in bringing Ground 1 (illegal sentence) should be excused because he "exercised due diligence," pointing to the fact that he asserted the claim even before the Arizona Supreme Court decided *State v. Peek*, on November 3, 2008.  (Petition, Doc. 1 at 11.)  Indeed, Petitioner raised his claim of illegal sentence based on the unavailability of lifetime probation for attempted child

molestation in his January 22, 2008 Motion for Post-Conviction Relief (Exhibit GGG), albeit based upon the  unpublished decision of the Arizona Court of Appeals in *State v. Edward Cano*, Ariz. Court of Appeals Case No. 1 CA-CR 06-0392.

However, diligence is not sufficient to justify equitable tolling.  Rather, Petitioner must also show extraordinary circumstances.

Moreover, the fact that Petitioner was able to raise his claim prior to the *Peek* decision indicates that the absence of that decision had not prevented him from raising the claim he now raises in Ground 1.

Petitioner fails to show any basis for equitable tolling.

**5.  Actual Innocence**

The Ninth Circuit has concluded that the statute of limitations is subject to an exception for claims of actual innocence. *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011). Petitioner makes no such claim in this proceeding.

**6.  Summary regarding Statute of Limitations**

As to Ground 1, Petitioner's one year ran from November 19, 1996, and expired before any statutory tolling could apply.  Petitioner has shown no equitable tolling or actual innocence to avoid the bar.  As to Ground 2, Petitioner's one year ran from June 8, 2009, but was tolled from then until February 24, 2011, rendering his April 18, 2011 Petition timely as to that claim.

**B.  EXHAUSTION, PROCEDURAL BAR AND PROCEDURAL DEFAULT**

Respondents argue that even if not barred by the statute of limitations, Petitioner's

16

1   federal claims were either not fairly presented to the state courts and thus his state

2   remedies were not properly exhausted and are now procedurally defaulted, or were

3   presented and barred on independent and adequate state grounds..

4

5

6   **1. Exhaustion Requirement**

7          Generally, a federal court has authority to review a state prisoner's claims only if

8   available state remedies have been exhausted.   *Duckworth v. Serrano*, 454 U.S. 1, 3

9   (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been

10   codified at 28 U.S.C. § 2254(b) and (c).  When seeking habeas relief, the burden is on

11   the petitioner to show that he has properly exhausted each claim.   *Cartwright v. Cupp,*

12   650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied*, 455 U.S. 1023 (1982).

13

14          **a.  Proper Forum/Proceeding**

15          Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must

16   first raise the claim in a direct appeal or collaterally attack his conviction in a petition for

17   post-conviction relief pursuant to Rule 32."  *Roettgen v. Copeland*,  33 F.3d 36, 38 (9th

18   Cir. 1994).    Only one of these avenues of relief must be exhausted before bringing a

19   habeas petition in federal court.  This is true even where alternative avenues of reviewing

20   constitutional issues are still available in state court.  *Brown v. Easter*, 68 F.3d 1209,

21   1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*,

22   489 U.S. 1059 (1989).  "In cases not carrying a life sentence or the death penalty, 'claims

23   of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona

24

25   Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir.

26

27   2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999)).

28

**b.  Fair Presentment**

To result in exhaustion, claims must not only be presented in the proper forum, but must be "fairly presented."  That is, the petitioner must provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.  28 U.S.C. § 2254;  *Picard v. Connor,* 404 U.S. 270, 276-277 (1971).  A claim has been fairly presented to the state's highest court if the petitioner has described both the operative facts and the federal legal theory on which the claim is based.  *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (overruled on other grounds, *Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007)).

**2.  Procedural Bar / Independent and Adequate State Grounds**

Federal habeas review of a defaulted federal claim is also precluded when the state court has disposed of the claim on a procedural ground "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989); *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003) (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).   *But see, Stewart v. Smith*, 536 U.S. 856, 860 (2002) ("assum[ing]" independence standard applies on habeas). Generally, this occurs when a state applies a procedural bar to deny a claim.

To determine whether a state procedural ruling bars federal review, the habeas court must look to the "last reasoned opinion on the claim." *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).   Thus, a summary denial following a reasoned decision is presumed to be based on the same grounds as the reasoned decision, and the habeas court should "look through" the summary denial to the rationale given in the reasoned decision. *Id*.

In *Bennett v. Mueller*, 322 F.3d 573 (9th Cir.2003), the Ninth Circuit specifically addressed the burden of proving the adequacy of a state procedural bar.

> Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's.

*Bennett*, 322 F.3d at 584, 585.

### 3.  Application to Petitioner's Claims

**Ground 1: Refusal to Cooperate** – In his Ground One, Petitioner argues that he was sentenced to an additional term in prison after violating the terms of a sentence of probation that exceeded the permissible term.  The Petition does not identify the federal basis for this claim (Doc. 1 at 6), the Court's screening order adopts no construction of the claim (Doc. 7 at 2), and Respondents' Answer simply quotes the Petition (Doc. 19 at 2).

Petitioner's only foray to the Arizona Court of Appeals has been in his second PCR proceeding.  Accordingly, any proper exhaustion must have occurred in that proceeding.  Indeed, Petitioner asserts that he presented both of his claims in his Second PCR petition.  (Petition, Doc. 1 at 6, 7.)

Petitioner's original Petition in that Second PCR proceeding simply asserted: "Sentence imposed other than in accordance with the sentencing procedures established by rule and statute."  (Exhibit EEE at 3.)  His supplemental Motion for Post-Conviction Relief simply argued that the sentencing statue was invalid, and that he could not

1   properly be sentenced to lifetime probation under the applicable statutes for an attempted

2   sexual offense, citing an unpublished decision in *State v. Cano*. (Exhibit GGG at 3.) In

3   neither did he identify any constitutional violation.[2]  It is not enough that all the facts

4   necessary to support the federal claim were before the state courts or that similar claims

5   were made. *Anderson v. Harless*, 459 U.S. 4, 6 (1982)(*per curiam*). Failure to alert the

6   state court to the constitutional nature of the claim amounts to failure to exhaust state

7
8   remedies. *Duncan v. Henry*, 513 U.S. 364, 366 (1995).

9       In his Motion for Rehearing filed February 11, 2009, Petitioner reurged his

10  argument on the basis that lifetime probation was not an authorized sentence, this time

11  citing, for the first time, to the then recent decision in *State v. Peek*, 219 Ariz. 182, 195

12  P.3d 641 (2008) (decided Nov. 3, 2008), which found a gap between 1994 and 1997 in

13  the statutes authorizing lifetime probation for attempted "Dangerous Crimes Against

14  Children."  Thus, Petitioner again raised the underlying facts of his Ground One in the

15
16  PCR Court.  This time, however, Petitioner explicitly cited the *ex post facto* decision in

17  *Collins v. Youngblood*, 497 U.S. 37 (1990), for the proposition that the court "may not

18  impose sentence greater than that allowed by law at time of offense." (Exhibit PPP at 5.)

19
20      Although the PCR court did not explicitly acknowledge the *ex post facto*

21  argument (or otherwise offer a reason to distinguish between the claims asserted under

22  *Cano* and the one asserted under *Peek*), the court ultimately held that the claim was

23  improperly raised as a new claim on motion for rehearing.  The Court further held that

24

25
----
26  [2]  The PCR Court's initial ruling on the second PCR petition referenced a series of
    constitutional claims ("right to Due Process and other Constitutional Rights under the 5th,
27  6th, 8th, and 14th Amendments"). (Exhibit KKK, M.E. 5/29/08.)  However, this was
    functionally vacated by the PCR Court's ruling that "the May 29, 2008 minute entry
28  erroneously duplicated an earlier minute entry and did not include this Court's ruling on
    the Defendant's Second Petition for Post-Conviction Relief."  (*See* Exhibit DDD, M.E.
    1/29/08 (ruling on 1st PCR Petition).)

the claim was untimely and not subject to any exception.  (Exhibit RRR, ME. 6/8/09.) Thus, assuming Petitioner fairly presented his current federal claims to the PCR court, this Court would be obliged to find federal review precluded by the application of the state's procedural bar.  Petitioner proffers nothing to suggest that the bars applied by the PCR court are not independent and adequate.

To the extent that Petitioner now asserts something other than an *ex post facto* claim, Petitioner simply failed to assert his federal claims to the PCR court, and thus no bar was actually applied to those federal claims.  That does not mean, however, that they are subject to habeas review.

In his Petition for Review to the Arizona Court of Appeals (Exhibit SSS), Petitioner again argued that under *State v. Peek*, his original sentence of lifetime probation was invalid.  Petitioner argued that the imposition of the illegal sentence rendered his plea invalid, citing *Boykin v. Alabama*, 395 U.S. 238 (1969) (plea must be knowing and voluntary). (Exhibit SSS at 9.)  He further argued, albeit with little explanation, that there were "clear violations of U.S. Constitutional Amendments 5, 8, 14, protections against cruel and unusual punishment and due process." (*Id.* at 8.)  And, he argued the lifetime probation sentence "violates the U.S. Constitutional protection against cruel and unusual punishment."  (*Id.*)  Even assuming these references were adequate to present whatever claims Petitioner now intends to assert in Ground One, the claims were not fairly presented.

In *Casey v. Moore*, 386 F.3d 896 (9th Cir. 2004), the court reiterated that to properly exhaust a claim, "a petitioner must properly raise it on every level of direct review."

Academic treatment accords: The leading treatise on federal habeas

21

corpus states, "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state."

*Casey*, 386 F.3d at 916 (quoting Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure*, § 23.3b (4th ed. 1998).

Similarly, presentation to the Arizona Court of Appeals for the first time in a PCR proceeding is not fair presentation.  In Arizona, review of a petition for post-conviction relief by the Arizona Court of Appeals is governed by Rule 32.9, Arizona Rules of Criminal Procedure, which clarifies that review is available for "issues which were decided by the trial court."  Ariz. R. Crim. P.  32.9(c)(1)(ii).  *See also State v. Ramirez*, 126 Ariz. 464, 468, 616 P.2d 924, 928 (Ariz.App., 1980) (issues first presented in petition for review and not presented to trial court not subject to review).  Accordingly, PCR claims presented for the first time to the Arizona Court of Appeals are not fairly presented.

Similarly, the Arizona Supreme Court does not grant review of claims not raised below, absent special considerations.  *See State v. Logan*, 200 Ariz. 564, 565, 20 P.3d 631, 632, n.2 (2001).  Presentation to the Arizona Supreme Court for the first time is not sufficient to exhaust an Arizona state prisoner's remedies.   "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation."    *Roettgen v. Copeland*,  33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).  Thus, even if Petitioner somehow presented his current federal claims in his Petition for Review to the Arizona Supreme Court, his failure to present them below would prevent a finding of fair presentation.

Thus, the undersigned must find that Petitioner either presented his federal claims

from Ground One and they were procedurally barred, or he failed to fairly present them, and thus failed to properly exhaust his state remedies as to those claims.

**Ground Two** - In Ground Two, Petitioner alleges a violation of his due process and equal protection rights based on the PCR court's determination that he had procedurally defaulted his claims. Petitioner asserted no such federal claim to the Arizona Court of Appeals.  To be sure, Petitioner did raise the issue that "because of Constitutional protections relief is not time barred."  (Exhibit SSS at 4.)  However, the only specific argument mounted challenging the time bar was Petitioner's assertions that he should be excused from any procedural default by demonstrating cause and prejudice or a miscarriage of justice by showing his actual innocence.  (*Id.* at 8, 9.)  Petitioner's direct challenge to the procedural bars was based solely on a claim that the "trial court abused its discretion."  (*Id.* at 10-11.)  Thus, Petitioner failed to fairly present to the Arizona Court of Appeals the due process and equal protection claims he now seeks to raise.

## 4.  Summary re Exhaustion

Based upon the foregoing, the undersigned finds that Petitioner's state remedies on his claims in Grounds One and Two were not properly exhausted.  As to Ground One, depending upon the nature of the federal claim Petitioner now intends to assert, the claim was either not raised at all, or not fairly raised at every level of review.  As to Ground Two, the claim was simply not fairly presented.

## 5.  Procedural Default

Ordinarily, unexhausted claims are dismissed *without prejudice*.  *Johnson v.*

23

*Lewis*, 929 F.2d 460, 463 (9th Cir. 1991).   However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief.  Dismissal *with prejudice* of a procedurally barred or procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default.  *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Respondents argue that Petitioner may no longer present his unexhausted claims to the state courts, and thus they are procedurally defaulted. Although Respondents do not clarify the rules upon which they rely, the Arizona courts commonly rely upon the preclusion bar, set out in Ariz. R. Crim. Proc. 32.2(a) and time bar, set out in Ariz. R. Crim. Proc. 32.4(a).

**Remedies by Direct Appeal** - Under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence.  Moreover, as a pleading defendant without a death or life sentence, Petitioner had no right to proceed by way of direct appeal.  *See Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir. 2007). Accordingly, review by direct appeal is not available to Petitioner.

**Remedies by Post-Conviction Relief** –  Petitioner can no longer seek review of his unexhausted claims by a subsequent PCR Petition.  Under the rules applicable to Arizona's post-conviction process, a claim may not ordinarily be brought in a petition for post-conviction relief that "has been waived at trial, on appeal, or in any previous collateral proceeding."  Ariz.R.Crim.P. 32.2(a)(3).

Under this rule, some claims may be deemed waived if the State simply shows "that the defendant did not raise the error at trial, on appeal, or in a previous collateral

24

proceeding." *Stewart v. Smith*, 202 Ariz. 446, 449, 46 P.3d 1067, 1070 (2002) (quoting Ariz.R.Crim.P. 32.2, Comments). For others of "sufficient constitutional magnitude," the State "must show that the defendant personally, "knowingly, voluntarily and intelligently' [did] not raise' the ground or denial of a right." *Id.* That requirement is limited to those constitutional rights "that can only be waived by a defendant personally." *State v. Swoopes* 216 Ariz. 390, 399, 166 P.3d 945, 954 (App.Div. 2, 2007). In coming to its prescription in *Stewart v. Smith*, the Arizona Supreme Court identified: (1) waiver of the right to counsel, (2) waiver of the right to a jury trial, and (3) waiver of the right to a twelve-person jury under the Arizona Constitution, as among those rights which require a personal waiver. 202 Ariz. at 450, 46 P.3d at 1071.[8]

Here, Petitioner's unexhausted claims do not fit within the list of claims identified as requiring a personal waiver. Nor are they of the same character. Therefore, the undersigned concludes that Petitioner's claims would be precluded by his failure to raise them on direct appeal.

Timeliness Bar - Even if not barred by preclusion, unless the PCR court were to reopen Petitioner's dismissed PCR proceeding, Petitioner would now be barred from raising his claims in a new PCR proceeding by Arizona's time bars. Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days

---

[8] Some types of claims addressed by the Arizona Courts in resolving the type of waiver required include: ineffective assistance (waived by omission), *Stewart*, 202 Ariz. at 450, 46 P.3d at 1071; right to be present at non-critical stages (waived by omission), *Swoopes*, 216Ariz. at 403, 166 P.3d at 958; improper withdrawal of plea offer (waived by omission), *State v. Spinosa*, 200 Ariz. 503, 29 P.3d 278 (App. 2001); double jeopardy (waived by omission), *State v. Stokes*, 2007 WL 5596552 (App. 10/16/07); illegal sentence (waived by omission), *State v. Brashier*, 2009 WL 794501 (App. 2009); judge conflict of interest (waived by omission), *State v. Westmiller*, 2008 WL 2651659 (App. 2008).

after the issuance of the order and mandate in the direct appeal, whichever is the later."
*See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule).   That time has long since passed.

Exceptions - Rules 32.2 and  32.4(a) do not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h).   *See* Ariz. R. Crim. P.  32.2(b) (exceptions to preclusion bar); Ariz.R.Crim.P.  32.4(a) (exceptions to timeliness bar).   Petitioner has not asserted that any of these exceptions are applicable to his claims.   Nor does it appear that such exceptions would apply.   The rule defines the excepted claims as follows:

> d. The person is being held in custody after the sentence imposed has expired;
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
> (1) The newly discovered material facts were discovered after the trial.
> (2) The defendant exercised due diligence in securing the newly discovered material facts.
> (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
> f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
> g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
> h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1(d) (expired sentence) generally has no application to an Arizona prisoner, like Petitioner, who is simply attacking processes employed in an earlier proceeding.   Although Petitioner's Ground One is based upon an argument that his current sentence is unlawful because it was imposed on the basis of an illegal probation sentence, Petitioner does not argue that the current sentence has simply expired. Petitioner asserts no newly discovered evidence and thus paragraph (e) has no application. Paragraph (f) has no application because Petitioner's claims are not barred because of an untimely filed direct appeal or PCR of-right.   Paragraph (g) has no application because Petitioner has not asserted a change in the law since his last PCR proceeding.   Finally, paragraph (h), concerning claims of actual innocence, has no application to Petitioner's procedural claims.  *See State v. Swoopes*, 216 Ariz. 390, 404, 166 P.3d 945, 959 (App. 2007) (32.1(h) did not apply where petitioner had "not established that trial error ...amounts to a claim of actual innocence").

**Summary** - Accordingly, the undersigned must conclude that review through Arizona's direct appeal and post-conviction relief process is no longer possible for Petitioner's unexhausted claims, and that the unexhausted claims are now procedurally defaulted, and absent a showing of cause and prejudice or actual innocence, must be dismissed with prejudice.

## 6.  Cause and Prejudice

If the habeas petitioner has procedurally defaulted on a claim, or it has been procedurally barred on independent and adequate state grounds, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default.  *Reed v. Ross*, 468 U.S. 1, 11 (1984).

"Cause" is the legitimate excuse for the default.   *Thomas*, 945 F.2d at 1123.
"Because of the wide variety of contexts in which a procedural default can occur, the
Supreme Court 'has not given the term "cause" precise content.'" *Harmon v. Barton*, 894
F.2d 1268, 1274 (11th Cir. 1990) (quoting *Reed*, 468 U.S. at 13), *cert. denied*, 498 U.S.
832 (1990).   The Supreme Court has suggested, however, that cause should ordinarily
turn on some objective factor external to petitioner, for instance:

> ... a showing that the factual or legal basis for a claim was not
> reasonably available to counsel, or that "some interference by
> officials", made compliance impracticable, would constitute cause
> under this standard.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citations omitted).

Here, Petitioner does not proffer any good cause to excuse his failures to exhaust,
or his procedural default.

There is some suggestion in the record that Petitioner's PCR counsel may have
performed deficiently.   Such deficiency would not constitute valid cause for two
reasons.

First, it is ordinarily only constitutionally ineffective counsel which amounts to
cause, and there is no constitutional right to PCR counsel.   *See Martnez v. Ryan*, --- S.
Ct.---, 2012 WL 912950 (2012) (finding an exception for "an initial-review collateral
proceeding with respect to a claim of ineffective trial counsel").

Second, claims of ineffective assistance asserted as cause to excuse a procedural
default must themselves be properly exhausted. *Murray v. Carrier*, 477 U.S. 478, 492
(1986); *Edwards v. Carpenter*, 529 U.S. 446 (2000).   Accordingly, "[t]o the extent that
petitioner is alleging ineffective assistance of appellate counsel as cause for the default,
the exhaustion doctrine requires him to first raise this ineffectiveness claim as a separate

claim in state court."   *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988). Petitioner raised in his Petition for Review a claim of "ineffective assistance of counsel when Defendant's counsel reviewed his case (Counts 6 and Count 7) and failed bring the issue forward."   (Exhibit SSS at 4. *See also id.* at 9, 15)   However, Petitioner did not assert any federal claim of ineffective assistance.

Petitioner has filed to establish cause for his procedural default.   Both "cause" and "prejudice" must be shown to excuse a procedural default, although a court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991).   Accordingly, this Court need not examine the merits of Petitioner's claims or the purported "prejudice" to find an absence of cause and prejudice.

**Actual Innocence** - The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances, to avoid a "miscarriage of justice." *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986).   Accordingly, failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added).   Although not explicitly limited to actual innocence claims, the Supreme Court has not yet recognized a "miscarriage of justice" exception to exhaustion outside of actual innocence.   *See* Hertz & Lieberman, *Federal Habeas Corpus Pract. & Proc.*, §26.4 at 1229, n. 6 (4th ed. 2002 Cumm. Supp.).   The Ninth Circuit has expressly limited it to claims of actual innocence. *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008).   Here, Petitioner makes no pretense of asserting his actual innocence.

Accordingly, Petitioner's procedural defaults and procedural bars may not be

1   avoided, and Grounds One and Two must be dismissed with prejudice.

2

3   **C.  MERITS OF GROUND ONE**

4

5        Respondents address the merits of Ground One.  Because the undersigned finds

6   Ground One subject to dismissal based both upon the statute of limitations and the

7   principles of procedural default or procedural bar, the merits are not reached.

8

9   **D. SUMMARY**

10

11       Petitioner's claims in Ground One are barred by the statute of limitations.  All of

12  his claims were not properly exhausted, and are now either procedurally defaulted or

13  were procedurally barred.  Accordingly, the Petition should be dismissed with prejudice.

14

15                    **IV.  CERTIFICATE OF APPEALABILITY**

16

17       **Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires

18  that in habeas cases the "district court must issue or deny a certificate of appealability

19  when it enters a final order adverse to the applicant."  Such certificates are required in

20  cases concerning detention arising "out of process issued by a State court", or in a

21  proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28

22  U.S.C. § 2253(c)(1).

23

24       Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges

25  detention pursuant to a State court judgment.  The recommendations if accepted will

26  result in Petitioner's Petition being  resolved adversely to Petitioner.  Accordingly, a

27  decision on a certificate of appealability is required.

28       **Applicable Standards** - The standard for issuing a certificate of appealability

30

("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds.  To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling."

While the application of the statute of limitations bar to Ground One might be debatable, the procedural default applicable to that claim, and Ground Two, is not.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed April 18, 2011 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

1   **IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this

2   Report & Recommendation is adopted, that a certificate of appealability **BE DENIED**.

3

4                         **VI. EFFECT OF RECOMMENDATION**

5

6           This recommendation is not an order that is immediately appealable to the Ninth

7   Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules*

8   *of Appellate Procedure*, should not be filed until entry of the district court's judgment.

9           However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties

10  shall have fourteen (14) days from the date of service of a copy of this recommendation

11  within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules

12  Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days

13  within which to file a response to the objections.  Failure to timely file objections to any

14  findings or recommendations of the Magistrate Judge will be considered a waiver of a

15  party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*,

16  328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's

17  right to appellate review of the findings of fact in an order or judgment entered pursuant

18  to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-

19  47 (9th Cir. 2007).

20

21  Dated: April 30, 2012

22

23  11-0760r RR 12 04 04 on HC.docx                    James F. Metcalf
                                                   United States Magistrate Judge

32